UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10435-GAO

RONNIE QUALLS,
Plaintiff,

v.

FRANCIS ("MICKEY") ROACHE, DANIEL KEELER, KENNETH TAYLOR, DENNIS HARRIS, TIMOTHY MURRAY, DAVID PEREZ, JOHN HARDEN, CLIFTON HAYNES, and THE CITY OF BOSTON,
Defendants.

OPINION AND ORDER
March 28, 2024

O'TOOLE, D.J.

Plaintiff Ronnie Qualls brings this action for damages against a number of individual defendants and the City of Boston. He alleges violation of his civil rights remediable under 42 U.S.C. § 1983 (Count III) and under Massachusetts General Laws Chapter 12 § 11*I* (Count IV). The City of Boston moves to dismiss both counts for failure to state a claim upon which relief can be granted. For the reasons set forth below, the City of Boston's motion is granted.

**I.     Count III**

A municipality cannot be held liable under Section 1983 on a theory of *respondeat superior* and may only be found liable where the municipality itself caused the constitutional violation at issue. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). To prove municipal liability under Section 1983, a plaintiff must show that official municipal policy caused the plaintiff to be deprived of a constitutional right. Id. An action by a public official may be determined to be a policy of the municipality when the alleged action (or failure to act) reflects "a 'deliberate' or 'conscious' choice by a municipality" that could be characterized as "'deliberate indifference' to

the rights of its inhabitants." City of Canton v. Harris, 489 U.S. 378, 389 (1989). Here, the plaintiff alleges that at the time of his criminal conviction, the City of Boston had a municipal policy of "allow[ing] defendant officers and other members of the police department to ignore laws, rules, and regulations governing proper police conduct" and "[p]ursuant to this policy . . . tolerated unlawful police practices including pe[r]jury and the withholding of exculpatory evidence, failed to investigate adequately citizen complaints against its police officers, and failed to train and supervise properly its officers." (Compl. ¶ 44 (dkt. no. 1).)

Courts are "exceptionally stringent" in finding Section 1983 liability based on claims of failure to adequately train and/or failure to adequately supervise municipal employees. Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998); see also Connick v. Thompson, 563 U.S. 51, 61 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."). "Triggering municipal liability on a claim of failure to train requires a showing that municipal decisionmakers either knew or should have known that training was inadequate but nonetheless exhibited deliberate indifference to the unconstitutional effects of those inadequacies." Gray v. Cummings, 917 F.3d 1, 14 (1st Cir. 2019) (quoting Haley v. City of Boston, 657 F.3d 39, 52 (1st Cir. 2011)). The same standard is applied to failure to adequately supervise or discipline claims. Rodriques v. Furtado, 950 F.2d 805, 813 (1st Cir. 1991). To meet these burdens, a plaintiff typically must show "a pattern of similar constitutional violations" by other officers such that the municipality either actually knew or should have known about the deficiency in effective training and supervision and deliberately chose not to rectify it. Connick, 563 U.S. at 62 (2011).

Lastly, a plaintiff must also show that municipal policy was the "moving force" behind the claimed deprivation of constitutional rights. Santiago v. Fenton, 891 F.2d 373, 382 (1st Cir. 1989)

(quoting Monell, 436 U.S. at 694). In a failure to train claim, "the identified deficiency in a city's training program must be closely related to the ultimate injury." City of Canton, 489 U.S. at 391 (1989).

The plaintiff cites a special commission report from 1992 which reviewed complaints filed against the Boston Police Department and found that "only 5.9% of the complaints were sustained" and that there was "a wide range of problems in the police department's Internal Affairs Division." (Compl. ¶¶ 47 & 49).) As further evidence of deficient training and discipline, the plaintiff cites seven criminal convictions that were later overturned by courts based on findings of misconduct by Boston police between 1989 and 1994. According to the complaint, in those seven cases, Boston police officers committed perjury to secure convictions and suppressed and/or mishandled exculpatory evidence. In two of the seven cases, the officers accused of such misconduct were disciplined for their actions. In the remaining five, officers were not disciplined.

Plaintiff's allegations are too general to meet the stringent standard required to establish municipal liability under Section 1983. Five cases of alleged police misconduct without discipline over five years does not sufficiently allege a pattern of constitutional violations to show that the municipality knew or should have identified a general or persistent deficiency in officer training or supervision. Furthermore, the allegations in the cases identified by the plaintiff are not akin to the plaintiff's allegations here. Those cases alleged that officers intentionally lied to secure convictions and suppressed likely exculpatory evidence. The present complaint does not allege particular acts of willful misbehavior by officers that were effectively countenanced by the City of Boston. For these reasons, the complaint fails to allege a viable Section 1983 claim against the City of Boston.

**II.     Count IV**

Count IV alleges that the City of Boston violated the Massachusetts Civil Rights Act ("MCRA") through the use of threats, intimidation, and coercion. The MCRA provides a cause of action against any persons who interfere by threats, intimidation, or coercion with another's enjoyment of the rights secured by the constitutions or laws of the United States or of Massachusetts. Mass. Gen. Laws Ann. ch. 12, § 11H. Particularly salient here is that it is well-established that municipalities are immune from suit under the MCRA as they are not "persons" within the meaning of the MCRA. LeBeau v. Town of Spencer, 167 F. Supp. 2d 449, 455 (D. Mass. 2001). Accordingly, as a Massachusetts municipality, the City of Boston is immune from suit under the MCRA.

**III.    Conclusion**

Based on the foregoing, the City of Boston's Motion to Dismiss (dkt. no. 5) is GRANTED in full.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge