## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

RONNIE QUALLS,

               Plaintiff,

v.

FRANCIS ("MICKEY") ROACHE,
DANIEL KEELER,
KENNETH TAYLOR,
DENNIS HARRIS,
TIMOTHY MURRAY,
DAVID PEREZ,
JOHN HARDEN,
CLIFTON HAYNES, AND
THE CITY OF BOSTON

               Defendants.

CIVIL ACTION NO. 1:23-CV-10435-GAO

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S

### MOTION TO EXTEND TIME TO OPPOSE SUMMARY JUDGMENT

### I.      INTRODUCTION AND BACKGROUND

Defendants Dennis Harris, Daniel Keeler, and John Harden (collectively, the "Defendants") oppose the Plaintiff's motion to extend his time to oppose Summary Judgment.[1] The Plaintiff has requested that the Court grant him an extension to October 10, 2025 to file an opposition to the Defendants' pending Motion for Summary Judgment, which was due on August 15, 2025. The Plaintiff argues that his counsel's failure to timely oppose amounts to an instance of excusable neglect. The Plaintiff is incorrect, and the Defendants respectfully request this Court deny the motion.

---

[1] ECF No. 59.

## II.    APPLICABLE LAW

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), if a party misses a deadline to oppose a motion, the Court may "for good cause, extend the time [to file such opposition] on motion made after the time has expired if the party failed to act because of excusable neglect." "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept[.]'" Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392 (1993). Nonetheless, when determining whether neglect is excusable, parties are "held accountable for the acts and omissions of their chosen counsel" and "the proper focus is upon whether the neglect of respondents and their counsel was excusable." Id. at 397.

Pioneer established a four-part balancing test for determining whether neglect is excusable, using the following factors:

(1) the danger of prejudice to the opposing party;

(2) the length of the delay and its potential impact on judicial proceedings;

(3) the reason for the delay, including whether it was within the reasonable control of the movant; and

(4) whether the movant acted in good faith.

Id. at 395; Pratt v. Philbrook, 109 F.3d 18, 22 (1997). The First Circuit has been consistent in applying these factors when assessing excusable neglect but has "repeatedly held that 'even under the flexible standard prescribed by Pioneer,' counsels' inattention or carelessness, such as a failure to consult or to abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect." Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005) (internal citations omitted).

2

### III.    ARGUMENT

**A.  Plaintiff's Failure to Timely Oppose Summary Judgment Does Not Constitute Excusable Neglect**

Plaintiff's counsel submits that she departed from the Law Office of Jason Stone on July 31, 2025.  While she retained a "handful of cases," this case remained with her prior firm.[2] Plaintiff's Counsel asserts that she understood that another attorney would be assigned to the case.[3] However, no attorney filed a notice of appearance, nor did they file any opposition to the Defendants' Motions for Summary Judgment. Plaintiff's Counsel argues that the lack of action in Plaintiff's case was not within her control, and that she acted promptly upon being informed of the status of the case. Because she was not in possession of the physical case file at the time, Plaintiff's Counsel asserts that she was not able to properly respond to Defendant's Motion prior to receiving the file on October 1, 2025.[4]

As cited above, "counsels' inattention or carelessness, such as a failure […] to abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect.'" Dimmitt 407 F.3d at 24. The time permitted to file an opposition to summary judgment is an unambiguous procedural rule.  See D. Mass. Rules 7.1(b)(2), 56.1 (2023).  Moreover, allowing the Plaintiff's Motion would result in prejudice to the Defendants by ignoring a black-letter deadline by nearly two months, and would cause further delay in a case that has already been delayed by extensions. Further, the reasons for the delay were within the control of Plaintiff's Counsel, as it is the then-current counsel's obligation to move to be released as counsel while summary judgment is pending.

---

[2] ECF No. 59-1.
[3] Id.
[4] Id.

Local Rule 83.5.2(c)(1)(A), requires leave of court to withdraw an appearance as counsel if any motion is pending in that case.  Plaintiff's motion notes that his counsel left her prior firm with the assumption that another attorney would be assigned the case. The local rule guards against this situation, so as to not leave a plaintiff without counsel while a motion is pending on the docket. Summary judgment motions were filed on July 25, 2025.  Plaintiff's Counsel left her prior firm on July 31, 2025.   Because summary judgment motions were filed before her departure, in order to withdraw from the case, Plaintiff's Counsel was obligated to request leave of court to withdraw her appearance.  The Plaintiff's Motion should be denied.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Extend and grant such other relief as it deems just and proper.

Date:  October 10, 2025                    Respectfully submitted,

                                           THE DEFENDANTS,
                                           John Harden,
                                           Clifton Haynes,
                                           Dennis Harris and
                                           Daniel Keeler,

                                           **By their attorneys:**

                                           ADAM CEDERBAUM
                                           Corporation Counsel


                                           */s/ Adam D. Johnson*
                                           Adam Johnson (BBO# 679142)
                                           Senior Assistant Corporation Counsel
                                           Nicole E. Gemba (BBO# 707216)
                                           Assistant Corporation Counsel
                                           City of Boston Law Department
                                           City Hall, Room 615
                                           Boston, MA  02201
                                           (617) 635-4097 (ADJ)
                                           (617) 635-4048 (NEG)
                                           Adam.johnson@boston.gov
                                           Nicole.gemba@boston.gov


**Certificate of Service**

I, Adam Johnson, hereby certify that on October 10, 2025 a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first class mail to all non-registered participants.

                                           /s/ Adam D. Johnson
                                           Adam D. Johnson